MANDATE

20-2262-cv
Smith v. Brookhaven Science Assocs., et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of May, two thousand twenty-one.

PRESENT:  JOHN M. WALKER, JR.,
          JOSÉ A. CABRANES,
          RICHARD C. WESLEY,
                    Circuit Judges.

---

JOSEPH SMITH,

        *Plaintiff-Appellant,*　　　　　　　　　　　　20-2262-cv

        v.

BROOKHAVEN SCIENCE ASSOCIATES, LLC, dba Brookhaven National Laboratory, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS-LOCAL 2230, CHRIS LUONI, CHRIS TSCHINKEL, JOSEPH TRIOLO, MICHAEL KEATING, JOSEPH PAGANO,

        *Defendants-Appellees.*

---

FOR PLAINTIFF-APPELLANT:　　STEPHEN BERGSTEIN, Bergstein & Ullrich, New Paltz, NY.

FOR DEFENDANTS-APPELLEES:　　MARC S. WENGER (Henry S. Shapiro, *on the brief*), Jackson Lewis P.C., Melville, New York, *for* Brookhaven Science Assocs., LLC, dba Brookhaven National

MANDATE ISSUED ON 06/15/2021

        Laboratory, Chris Luoni, Chris Tschinkel, Joseph Triolo, Michael Keating, and Joseph Pagano.

        MICHAEL D. BOSSO (Thomas P. Keane, *on the brief*), Colleran O'Hara & Mills LLP, Woodbury, NY, *for* International Brotherhood of Electrical Workers – Local 2230.

Appeal from the July 7, 2020 judgment of the United States District Court for the Eastern District of New York (Gary R. Brown, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 7, 2020 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Joseph Smith challenges the District Court's grant of summary judgment to Defendants-Appellees Brookhaven Science Associates, LLC, d/b/a Brookhaven National Laboratory ("BNL"), the International Brotherhood of Electrical Workers – Local 2230 (the "Union"), and individual defendants Chris Luoni, Chris Tschinkel, Joseph Triolo, Michael Keating, and Joseph Pagano. Smith challenges the legality of his termination by BNL under the Labor Management Relations Act § 301, 29 U.S.C. § 185, arguing that material issues of fact remain as to whether BNL had just cause to fire him, and thus whether his termination violates a collective bargaining agreement. He also argues that the Union, which declined to pursue an arbitration following Smith's termination, breached its duty of fair representation in bad faith because of its allegedly improper investigation process and conflicts of interest. Together, Smith's claims against BNL and the Union are a hybrid Section 301 / fair representation claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the District Court's "grant of summary judgment de novo, examining the evidence in the light most favorable to, and drawing all inferences in favor of, the [party against whom judgment was granted]." *Sullivan-Mestecky v. Verizon Commc'ns Inc.*, 961 F.3d 91, 97 (2d Cir. 2020) (quoting *Burke v. Kodak Ret. Income Plan*, 336 F.3d 103, 109 (2d Cir. 2003)). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the [party for whom judgment is granted] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

To prevail on a hybrid Section 301 / fair representation claim, a plaintiff "must demonstrate both (1) that [the employer] breached its collective bargaining agreement and (2) that [the union] breached its duty of fair representation." *Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers*, 415 F.3d 279, 282 (2d Cir. 2005). The collective bargaining agreement in this case states that BNL "shall not have the right to discharge an employee except for just and reasonable cause." BNL's

2

disciplinary policy lists "intimidating, coercing or threatening any other employee for any reason" as a "Dischargeable Behavior Violation[ ]." As for Smith's claim against the Union, "a union breaches the duty of fair representation when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith." *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998).

First, Smith argues that summary judgment is inappropriate because BNL fired Smith in bad faith. The District Court found that there was no issue of material fact that BNL's termination of Smith was for just and reasonable cause because multiple employee witnesses reported "threats of workplace violence" of "sufficient magnitude"—that Smith carried a knife, kept it "sharp," and would use it to harm coworkers with whom he had grievances. Smith posits that a jury could find in his favor based on evidence that several employees did not hear Smith threaten his coworkers; he had worked at BNL for eleven years without incident; his knife was a tool used to perform daily work; and allegations that the independent investigation's outcome was predetermined. He also argues that BNL and the Union worked together to achieve the "improper objective" of firing Smith, similar to an alleged prior *quid pro quo* in which BNL treated Union officials charged with time theft leniently in exchange for the withdrawal of pending grievances against BNL. Drawing all permissible inferences in Smith's favor, we disagree, substantially for the reasons stated in the District Court's thorough Memorandum and Order granting reconsideration. That some employees did not hear Smith threaten his coworkers does not negate that five employees did. And possession of a knife for legitimate purposes does not contradict simultaneous threats to use it for illegitimate purposes. Thus, we find Smith's arguments against BNL to be without merit.

Second, Smith argues that the Union breached its duty of representation in bad faith. He alleges that the Union conducted an inadequate investigation by ignoring Smith's attempts to suggest witnesses or add clarifying context; instead, the Union inappropriately deferred to BNL's findings. He also argues that the Union allowed a biased Union official to improperly influence the investigation and determination. We need not address these arguments because Smith failed to establish a genuine issue of material fact that the employer, BNL, breached its collective bargaining agreement with Smith. As stated *ante*, a hybrid Section 301 / fair representation claim requires the plaintiff to prove that *both* the employer and the Union are liable to the employee. *Cf. White v. White Rose Food*, 237 F.3d 174, 183 & n.13 (2d Cir. 2001).

## CONCLUSION

We have reviewed all of the arguments raised by Smith on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 7, 2020 judgment of the District Court.

<div style="float:right">
FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
</div>

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3